# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JASON R. JORDAN,** | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) Case No. 7:16cv00468 |
| | ) |
| **T. LARGE,** | ) |
| Defendant. | ) |

Jason R. Jordan, a Virginia inmate, filed this action pro se pursuant to 42 U.S.C. § 1983, alleging claims against the defendant, Sergeant T. Large, for violation of his Eighth and First Amendment rights while incarcerated at Red Onion State Prison, ("Red Onion"). In his Complaint, Jordan alleged that Large broke his radio and headphones during a search of his cell on July 15, 2016, and, later that same day, kicked Jordan in the groin area in retaliation for filing a grievance and lawsuit challenging Red Onion's Step-Down Program. Jordan also alleged that Large's kick to his groin area was a use of excessive force against him.

These claims were tried to a jury on February 26, 2019, by which time, Jordan was represented by counsel. The next day, February 27, 2019, the jury found in Jordan's favor on his retaliation claim and awarded him damages of $25,000; the jury deadlocked and could not reach a verdict on Jordan's excessive force claim. Defense counsel sought, and were granted, an extension of time to file post-trial motions. The matter is now before the court on the defendant's Motion For New Trial, (Docket Item No. 85) ("Motion"). In addition to opposing the Motion, Jordan has moved to voluntarily dismiss his excessive force claim, should

the court deny the Motion to grant a new trial on his retaliation claim and enter judgment on the jury's verdict. (Docket Item No. 94).

## I. Facts

At trial, Jordan testified that he was housed in the D6 Pod at Red Onion on July 15, 2016, when he was placed in a shower stall while officers searched his cell. Jordan said that defendant Large approached him in the shower and told him that his radio and headphones were broken. Jordan said that he told Large, "That's impossible, because I just bought my radio and my headphones two weeks ago." Jordan said that Large told him that Stacy Day instructed Large to break Jordan's radio because Jordan had filed a grievance and lawsuits. Jordan testified that he then got into an argument with Large, resulting in him being charged with a disciplinary offense for threatening bodily harm. On cross-examination, Jordan admitted that he threatened Large by stating something like, "Remember me back in C building? … I go hard." Jordan admitted that he accepted responsibility for making this threat by accepting a penalty offer made on the charge.

Jordan said, as a result of being charged, he was then escorted by Large and two other correctional officers from the D6 pod out into the D Building yard to a cell in the D3 Pod. Jordan testified that the two correctional officers escorted him with their hands on his arms and shoulders, while Large walked behind them. Jordan said the officers escorted him to a remote area of the yard "away from all the surveillance cameras" when Large "aggressively kicked me in my groin" from behind. Jordan said that he groaned and leaned over because he could not straighten up. His testified that Large told him "You better straighten up; or not, I'm going to slam your black ass on the pavement." Despite intense pain, Jordan said that he straightened up and walked into the D3 Building.

Jordan said that Large denied his requests to see a nurse for his injuries and to receive an emergency grievance form. Jordan said when Nurse Shannon Woods came around for pill call that afternoon, he told her that Large had assaulted him. Jordan said that Woods asked him to pull down his pants so she could briefly examine him. She then told him to fill out a request form to schedule a sick call with Medical. Jordan said he completed the request form and gave it to Woods. Jordan said that he also told a male nurse the next day about Large assaulting him.

An Offender Request form, dated July 18, 2016, was entered into evidence as Plaintiff's Exhibit No. 2. (Docket Item No. 67-1.) This form stated, "On 7-16-16 RN Collier came to D3 to provide Tylenol for my pain where I was kick[ed] below the waist by Sgt. T. Large." Despite admitting that he completed this form, Jordan denied that Nurse Collier provided him with any Tylenol or treatment for his injuries. On the form, Jordan requested an x-ray of his genital area because he was passing blood in his urine and was in pain. The form is stamped stating it was received by the Medical Department on July 19, 2016, and S. Mullins responded on July 19, 2016, that Jordan was "Scheduled For Sick Call."

Jordan said that he was examined by Nurse S. Mullins on July 20, 2016. Jordan said that he told Mullins how he was injured on July 15, and he requested an x-ray. Jordan said that he was seen by a doctor for his injury on July 28, 2016. Jordan said that his testicles remained so swollen and painful that he could not sit down, lie down on the bed, sleep or take a shower.

Jordan testified that he filed an Informal Complaint regarding Large kicking him on the date it occurred, July 15, 2016, but the Informal Complaint introduced into evidence as Plaintiff's Exhibit No. 4 was dated July 22, 2016. (Docket Item No. 67-3.) Jordan said that he also filed the Regular Grievance introduced into

evidence as Plaintiff's Exhibit No. 5. (Docket Item No. 67-4.) On both the Informal Complaint and Regular Grievance, Jordan wrote nothing about Large breaking his radio and headphones, but, instead, stated that Large said he was "confiscating" his radio and headphones.

Defendant Large testified that he worked as a correctional sergeant at Red Onion on July 15, 2016, supervising correctional officers doing a "shakedown," a quarterly search of offender cells for weapons or contraband. Large testified that when Jordan's cell was searched that day, a radio was found that was confiscated. Large stated that Jordan became upset and began yelling from the shower stall, so he walked down to talk with Jordan. Large said that, after he told Jordan that his radio was being removed to be inspected by Property, Jordan said, "You bitches don't remember me from C building. I go hard and you're about to get some." Large said he perceived the statement as a threat, and he charged Jordan with making a threat. Based on the charge, Large said, Jordan was moved to prehearing detention in segregation in the D3 Pod.

Large said that Jordan was restrained in handcuffs and leg irons as he was walked by two officers from the D6 Pod to the D3 Pod. Large said that each officer escorting Jordan had one hand on Jordan's shoulder and the other on Jordan's elbow. Large said that he walked behind Jordan and the other two officers, and he had no physical contact with Jordan. Large specifically denied kicking Jordan.

After the close of evidence the jury was instructed, in part:

> In this case, plaintiff has two claims under Section 1983. The plaintiff's first claim is an excessive force claim. …
> …

The plaintiff's second claim is a retaliation claim. The plaintiff claims that while he was engaged in protected conduct, the defendant took an adverse action against him that was capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and the defendant's adverse action was motivated by the plaintiff's protected conduct.

…[T]he plaintiff has alleged the defendant, Mr. Large, used excessive force against him, in violation of the Eighth Amendment. To prevail on an excessive force claim against a defendant under Section 1983, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that the defendant acted under color of state law; second, that while acting under color of state law, the defendant used force against the plaintiff, maliciously and sadistically, for the very purpose of causing the plaintiff harm; and third, that the nature of the force applied was more than trivial.

If you find that the plaintiff has failed to prove any of these elements by a preponderance of the evidence, you must find in favor of the defendant. If you find that the plaintiff has proven each – each of the two remaining elements – remember, the first element, the fact that the defendant acted under color of state law; that's not at dispute in this case. And if you find that the plaintiff has proved each of the two remaining elements by a preponderance of the evidence against the defendant, then you must find in favor of the plaintiff.

To prevail on a claim of retaliation against a defendant under Section 1983, the plaintiff must prove each of the following elements by a preponderance of the evidence: First, that the plaintiff was engaged in protected conduct; second, that while acting under color of state law, the defendant took an adverse action against the plaintiff that was capable of deterring a person of ordinary firmness from continuing to engage in that conduct; and third, that adverse action was motivated by the plaintiff's protected conduct.

…

For the second element, plaintiff claims that defendant broke his headphones and radio and kicked him in the testicles for filing the grievance and/or lawsuit, in an attempt to punish plaintiff for filing a grievance or lawsuit, or to chill or silence plaintiff from filing future grievances or lawsuits.

…

> The second element of the plaintiff's excessive force claim is to be evaluated by a subjective analysis of Defendant Large and his state of mind. Only the unnecessary and wanton infliction of pain rises to the level of an Eighth Amendment violation. Accordingly, to prove that the defendant subjected him to cruel and unusual punishment, the plaintiff must establish that the defendant acted with a sufficiently culpable state of mind. This requires proof that the defendant acted maliciously and sadistically for the very purpose of causing the plaintiff harm.
> To act maliciously means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury, or under circumstances that show an evil intent.
> Sadistically means engaging in extreme or excessive cruelty or delighting in cruelty.
> When deciding whether the plaintiff has proven that the defendant used force maliciously and sadistically for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline, you should consider such factors as: the need for application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; the threat of safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and any efforts made to temper the severity of a forceful response.
> The third element of the plaintiff's Section 1983 claim concerns the level or nature of force used. This element is to be evaluated by an objective analysis of the force applied. Not every use of force is sufficiently serious to violate an inmate's Eighth Amendment rights to be free from cruel and unusual punishment.
> The plaintiff must prove that the nature and amount of force used by the defendant was more than trivial. In deciding whether the plaintiff's [sic] use of force was more than trivial, you should consider all of the facts and circumstances, including the nature and extent of any injuries.

(Docket Item No. 77 at 246-51.)

The parties raised no objections to the instructions as given. The court sent the case to the jury to deliberate at 4:54 p.m. At 5:35 p.m., the court reconvened,

outside the presence of the jury, to take up a note from the jury, which stated: "We will not be able to come to a unanimous decision." The court brought the jury into the courtroom and gave the jury an *Allen* charge. The case was recommitted to the jury at 5:42 p.m. Neither party objected to the *Allen* charge as given.

At 6:37 p.m., the court reconvened, again outside the presence of the jury, to take up a second note from the jury, which stated: "There are a few strong opinions about the case that the jurors will not waiver on that are based on testimony. I don't think anything can be said to move this forward." After consulting with counsel, the court, again, brought the jury into the courtroom and gave the jury a modified *Allen* charge, in addition to repeating several earlier instructions regarding the jury's weighing of the evidence and witness credibility. After a juror raised a child care issue with the court, the court released the jury for the evening at 7:03 p.m., to return the next morning to continue to deliberate.

After deliberating for approximately 50 minutes the next morning, the jury asked to review the video evidence submitted as Plaintiff's Exhibit No. 1. Arrangements were made for the jury to review the video evidence in the jury room. At 11:42 a.m., the court reconvened, outside the presence of the jury, to take up another note from the jury, which stated that the jury had reached a verdict as to one claim, but would like further direction on the issue of damages. Without objection, the court brought the jury into the courtroom and repeated several earlier instructions on damages. The case was recommitted to the jury at 11:52 a.m.

At 12:25 p.m., the court reconvened after being notified that the jury had reached a verdict as to one of the plaintiff's claims, but it was deadlocked as to the other. The jury was brought into the courtroom, and its verdict was published. The jury failed to reach a verdict on Jordan's excessive force claim, but found in his

favor on the retaliation claim and awarded Jordan $25,000 in compensatory damages. The jury was then dismissed by the court.

*II. Analysis*

Defense counsel argue that the jury's verdict on Jordan's retaliation claim should be set aside because it is not supported by the evidence presented at trial and because it is inconsistent with the jury's failure to reach a verdict on Jordan's excessive force claim. Defense counsel also argue that the jury's award of damages should be set aside as excessive. Based on the parties' arguments and the trial record, including, in particular, the finding instruction given by the court as to Jordan's retaliation claim, I find that the jury's verdict on this claim is inconsistent with its failure to reach a verdict on Jordan's excessive force claim. For the reasons stated below, I will set the verdict on this claim aside and order a new trial as to both of Jordan's claims.

A jury's verdict may be set aside and a new trial ordered when the verdict rendered is against the clear weight of the evidence or is irreconcilably inconsistent. *See Jones v. Southpeak Interactive Corp. of De.*, 777 F.3d 658, 674-75 (4th Cir. 2015) (quoting *TransDulles Ctr., Inc., v. USX Corp.*, 976 F.2d 219, 227 (4th Cir. 1992)). Whether to set aside a jury verdict and grant a new trial is within the discretion of the district court. *See Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir. 1996). Nonetheless, a court must determine whether "'a jury verdict can be sustained, on any reasonable theory,'" *Atlas Food Sys. & Servs., Inc.*, 99 F.3d at 599 (quoting *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1246 (Fed. Cir. 1989)), and "harmonize seemingly inconsistent verdicts if there is any reasonable way to do so." *Atlas Food Sys. &*

*Servs., Inc.*, 99 F.3d at 599 (citing *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963)).

Here, there was sufficient evidence presented at trial to support the jury's verdict in Jordan's favor on his retaliation claim. Jordan testified that Large told him that he broke Jordan's headphones and radio because Jordan had filed a grievance and lawsuit. Jordan also testified that, later that same day, Large kicked him in the groin area as he was being escorted to another cell. This evidence of Large's actions, combined with Large's earlier statement, is sufficient to sustain the jury's finding that Large was motivated by Jordan's protected conduct in filing a grievance and lawsuit and took an adverse action against Jordan that was capable of deterring a person of ordinary firmness from continuing to engage in that protected conduct. For this reason, I will deny the Motion, insofar as it asks me to set aside the jury's verdict as not being supported by the evidence presented at trial.

I do, however, find that, based on the instructions given, the jury's verdict on Jordan's retaliation claim is irreconcilably inconsistent with its failure to reach a verdict on his excessive force claim. As stated above, the jury was instructed that, for Jordan to prevail on his retaliation claim, he must have proved by the preponderance of the evidence:

> … First, that the plaintiff was engaged in protected conduct; second, that while acting under color of state law, the defendant took an adverse action against the plaintiff that was capable of deterring a person of ordinary firmness from continuing to engage in that conduct; and third, that adverse action was motivated by the plaintiff's protected conduct.
> …

> For the second element, plaintiff claims that defendant broke his headphones and radio and kicked him in the testicles for filing the grievance and/or lawsuit, in an attempt to punish plaintiff for filing a grievance or lawsuit, or to chill or silence plaintiff from filing future grievances or lawsuits.

Thus, the instructions required the jury to find that Large took adverse action against Jordon by, both, breaking his headphones and radio ***and*** kicking him. Jordan could have chosen to pursue his retaliation claim based, in the alternative, on either adverse action, by simply requesting that the word "or" be substituted for the word "and" in the above instruction. He did not do so, most likely because the Prison Litigation Reform Act, ("PLRA"), does not allow a prisoner to recover damages for mental or emotional injury absent a finding of physical injury. *See* 42 U.S.C.A. § 1997e(e) (West 2012 & 2019 Supp.). Without a finding of physical injury, Jordan could have recovered only nominal damages for violation of his First Amendment rights. *See Jones v. Price*, 696 F. Supp. 2d 618, 624 (N.D. W.Va. 2010) (PLRA § 1997e(e) does not prevent an inmate from seeking nominal damages for constitutional violation, even if he suffered no physical injury). Therefore, the jury was required to find that Large kicked Jordan, causing physical injury, in order to find in Jordan's favor and award compensatory damages on his retaliation claim.

That finding is irreconcilably inconsistent, however, with the jury failing to reach a verdict on Jordan's excessive force claim. Jordan's excessive force claim was based on the same alleged conduct by Large – that he kicked Jordan in his testicles for no reason, other than to retaliate against Jordan for filing a grievance and lawsuit. As stated above, the jury was instructed that, for Jordan to prevail on his excessive force claim, he must have proved by the preponderance of the evidence:

> First, that the defendant acted under color of state law; second, that while acting under color of state law, the defendant used force against the plaintiff, maliciously and sadistically, for the very purpose of causing the plaintiff harm; and third, that the nature of the force applied was more than trivial.

The jury further was instructed:

> The second element of the plaintiff's excessive force claim is to be evaluated by a subjective analysis of Defendant Large and his state of mind. … [T]o prove that the defendant subjected him to cruel and unusual punishment, the plaintiff must establish that the defendant acted with a sufficiently culpable state of mind. This requires proof that the defendant acted maliciously and sadistically for the very purpose of causing the plaintiff harm.
> To act maliciously means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury, or under circumstances that show an evil intent.
> Sadistically means engaging in extreme or excessive cruelty or delighting in cruelty.
> When deciding whether the plaintiff has proven that the defendant used force maliciously and sadistically for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline, you should consider such factors as: the need for application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; the threat of safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and any efforts made to temper the severity of a forceful response.

There was no evidence presented to the jury establishing any reason for the use of any force against Jordan on July 15, 2016. In fact, Large denied that he kicked or used any force against Jordan. Jordan testified that he did nothing to justify the use of any force against him. Nonetheless, as stated above, the jury, based on the instructions given on the retaliation claim, found that Large kicked Jordan. Also,

based on the evidence before the court, this use of force would have been excessive, in that it would have been an intentional act done for no other reason than to inflict injury. Furthermore, the fact that the jury returned an award of $25,000 in compensatory damages on Jordan's retaliation claim supports the conclusion that the jury found more than a trivial use of force by Large against Jordan.

Despite this evidence, the jury failed to reach a verdict on Jordan's excessive force claim – a decision that simply cannot be reconciled with the jury's decision and award on Jordan's retaliation claim. The court may not cure these inconsistent findings by issuing judgment as a matter of law in Jordan's favor on the excessive force claim. *See Talkington v. Atria Reclamelucifers Fabrieken BV*, 152 F.3d 254, 261 (4th Cir. 1998) (citing *Atlas Food Sys. & Servs., Inc.*, 99 F.3d at 598) (the proper remedy for an inconsistent jury verdict is a new trial, not judgment as a matter of law). Therefore, the court will grant the Motion, set aside the jury's verdict on Jordan's retaliation claim and order a new trial be held.

An appropriate order will be entered.

**ENTERED:** This 22nd day of August, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE